IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-02942-PAB-CYC

COBANK, ACB,

Plaintiff,

v.

STRICKS, LLC, and
STRICKS AG, LLC,

Defendants.

---

**ORDER**

---

This matter comes before the Court on Plaintiff CoBank, ACB's Partial Motion for Summary Judgment [Docket No. 36].

On January 28, 2026, CoBank, ACB ("CoBank") filed a motion for summary judgment on its claim for breach of contract.[1] Docket No. 36. On February 18, 2026, defendants filed a response, wherein defendants "admit they are in breach of contract and that judgment should enter against them." Docket No. 41 at 1. But defendants state that CoBank "is not the real party in interest." *Id.* Instead, defendants assert that CoBank is an agent of FCS Financial, PCA ("FCS") and that FCS is the party who lent defendants money. *Id.* at 1-2. Defendants argue that CoBank is not clearly authorized "to bring causes of action on behalf of FCS." *Id.* at 2. Defendants state they are willing

[1] CoBank's only other claim seeks appointment of a limited receiver. Docket No. 1 at 10-12, ¶¶ 62-69. On April 7, 2026, the Court appointed a limited receiver, with the consent of all parties. Docket No. 52.

"to stipulate to entry of judgment on the breach of contract claim so long as the judgment creditor is the real party in interest." *Id.* Defendants claim that the parties "are working together to resolve the question of whether CoBank is the real party in interest and how to address the matter by stipulation." *Id.*

On March 2, 2026, the parties filed a proposed consent order and judgment. Docket No. 42. In the proposed consent order, the parties seek to have the Court enter summary judgment in favor of CoBank on the breach of contract claim, as agent to FCS, in the amount of $41,177,480.35, plus interest at the rate of $11,335.65 per day. *Id.* at 1-2. The proposed consent order did not explain why it is appropriate to enter summary judgment in favor of CoBank instead of FCS. On July 2, 2026, the Court noted this discrepancy and ordered the parties to file a status report. Docket No. 67.

On July 21, 2026, CoBank filed a status report asserting that it is entitled to pursue the breach of contract claim under the terms of FCS's Credit Agreement with defendants. Docket No. 70 at 2-3. Specifically, the Credit Agreement states that "[t]he Lender hereby appoints and authorizes the Agent to act as its agent under the Loan Documents with such powers as are specifically delegated to Agent by the terms of this Agreement, together with such other powers as are reasonably incidental thereto. The Agent shall, on behalf of the Lender, perform all of the loan servicing duties under the Loan Documents." Docket No. 1-1 at 108. CoBank asserts that "[t]his suit falls squarely within the performance of 'all loan servicing duties under the Loan Documents,'" and that it is therefore authorized to bring this action on behalf of FCS. Docket No. 70 at 3. Moreover, CoBank submitted a declaration and ratification by FCS's Associate General Counsel, Natalie Wilhelm, stating that FCS agrees with CoBank's position that CoBank

is authorized to pursue this action under the terms of the Credit Agreement. Docket No. 70-3 at 3, ¶¶ 5-8. Ms. Wilhelm also states that, while she does not believe FCS is a necessary party to this suit, "to the extent it is determined that FCS is the real party in interest with respect to any claim asserted in this action, [she] hereby ratif[ies] the commencement of this action and the continued prosecution of those claims by CoBank in accordance with Federal Rule of Civil Procedure 17." *Id.*, ¶ 9.

Defendants did not file a status report.[2] Defendants' receiver, however, did file a status report. Docket No. 72. The receiver stated that he "was not appointed to defend the claims of Plaintiff CoBank, ACB," and therefore will not be entering an appearance on behalf of defendants to defend against such claims. *Id.* at 1. The receiver goes on to note that, in their response, defendants "confessed the motion for summary judgment." *Id.* at 2.

As noted above, defendants "stipulate to the entry of judgment on the breach of contract claim so long as the judgment creditor is the real party in interest." Docket No. 41 at 2. Because the contract at issue in this case states that CoBank, as FCS's agent, is authorized to perform "all loan servicing duties" and because CoBank and FCS agree that this makes CoBank the real party in interest, the Court finds that CoBank is the real party in interest in this case. Defendants make no argument to the contrary. Therefore, the Court finds that defendants stipulate to the entry of judgment in favor of CoBank,

[2] Defendants likely did not do so because they are unrepresented by counsel. Pursuant to the Local Rules for the District of Colorado, the defendants, as entities, may not appear without counsel admitted to the bar of this Court. *See* D.C.COLO.LAttyR 5(b). Defendants have twice been ordered to retain counsel and have been warned that a failure to do so may result in sanctions. Docket Nos. 58, 71. Despite these orders, defendants remain unrepresented by counsel.

pursuant to the terms of the parties' proposed consent order and judgment. The consent judgment states that CoBank, as the agent of FCS, "is entitled to summary judgment on its first cause of action for breach of contract against the Defendants, jointly and severally, in the amount of $41,177,480.35, which is inclusive of principal, accrued interest, and fees, plus interest at the rate of $11,335.65 per day from January 27, 2026 through the date of judgment, plus post-judgment interest at the legal rate from the date of judgment until satisfied in full." Docket No. 42 at 1-2. Because all parties consent to this determination of damages, the Court will order defendants to pay such amount.

Therefore, it is

**ORDERED** that Plaintiff CoBank, ACB's Partial Motion for Summary Judgment [Docket No. 36] is **GRANTED**. It is further

**ORDERED** that defendants Stricks, LLC and Stricks AG, LLC shall pay CoBank, ACB, as agent to FCS Financial, PCA, $41,177,480.35, which is inclusive of principal, accrued interest, and fees, plus interest at the rate of $11,335.65 per day from January 27, 2026 through the date of judgment, plus post-judgment interest at the legal rate from the date of judgment until satisfied in full.

DATED August 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge